## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 14-20110-JAR-1** |
| **TYLER PADDEN,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Tyler Padden's Motion for

Compassionate Release (Doc. 49) pursuant to 18 U.S.C. § 3582(c)(1)(A).  Padden seeks release

on grounds that the COVID-19 virus presents a serious risk to his health.  For the reasons

provided below, the Court finds that Padden has not met his burden of demonstrating that

extraordinary and compelling circumstances warrant a sentence reduction under § 3582(c), and

his motion is denied.

**I.      Background**

On October 19, 2015, Padden pled guilty to distribution of child pornography, in

violation of 18 U.S.C. § 2252(a)(2) and § 2252(b)(1), and possession of child pornography, in

violation of 18 U.S.C. § 2252(a)(4)(B) and § 2252(b)(2).[1]  On September 6, 2016, this Court

sentenced Padden to two terms of 70 months' imprisonment, to be served concurrently; two 70-

month terms of supervised release, also to be served concurrently; a $6,000 fine; and a $200

special assessment.[2]

---

[1] Doc. 23.

[2] Doc. 44.

Padden is currently incarcerated at United States Medical Center for Federal Prisoners ("MCFP") Springfield in Missouri.  As of December 7, 2020, the Bureau of Prisons ("BOP") reports that 300 inmates have tested positive for COVID-19 out of 581 tested at this facility.[3] The BOP further reports that there are 20 active inmate cases, 25 active staff cases, and nine inmate deaths at MCFP Springfield.[4]  Padden is thirty-nine years old, and, with good time credit, his projected release date is September 30, 2021.

On October 26, 2020, Padden filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  In support of his motion, Padden states that he suffers from high cholesterol, increasing his risk of atherosclerosis and cardiovascular disease, which he asserts is "likely hereditary."[5]  Padden also states he has an undiagnosed "mass in the lymph node on his neck."[6]  Padden requests that the Court reduce his term of imprisonment to time served.  With his motion, Padden includes a release plan, stating he "has a residence approved by the Federal Probation Office and a full-time job [as a construction estimator] awaiting upon release."[7]

Under Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act.  That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19

---

[3] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited Dec. 7, 2020).

[4] *Id.*

[5] Doc. 49 at 3.  Padden has also submitted an email from a doctor in support of his motion stating, "[Padden's] lab values . . . indicated that [his] LDL Cholesterol levels remain elevated despite treatment trials with two different statins (Lipitor and Crestor). . . .  The lab values that have been shared with me suggest that [Padden] may benefit from consideration of additional treatment options for management of his [atherosclerosis and cardiovascular disease] risk."  Doc. 49-5 at 1.

[6] Doc. 49 at 3.

[7] *Id.* at 5; *see* Doc. 49-9.

pandemic.  Under that Order, the FPD shall notify the court within 15 days of any *pro se*

individual filing a compassionate release motion whether it intends to enter an appearance on

behalf of the defendant, or whether it seeks additional time to make such determination.  The

FPD has notified the Court that it does not intend to enter an appearance in Padden's case.

Accordingly, Padden proceeds *pro se*.

## II.    Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence

only in specified instances where Congress has expressly granted the court jurisdiction to do

so.'"[8]  Section 3582(c) permits a court to modify a term of imprisonment for compassionate

release only if certain exceptions apply.  Until recently, these exceptions required the BOP to

move on a defendant's behalf.  In 2018, however, the First Step Act modified the compassionate

release statute, permitting a defendant to bring his own motion for relief.[9]  But a defendant may

bring a motion for compassionate release from custody only if he "has fully exhausted all

administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf

or the lapse of 30 days from the receipt of such a request by the warden of the defendant's

facility, whichever is earlier."[10]  Unless a defendant meets this exhaustion requirement, the court

lacks jurisdiction to modify the sentence or grant relief.[11]

---

[8] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).

[9] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[10] 18 U.S.C. § 3582(c)(1)(A).

[11] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived."); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116–17 (D. Kan. 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional).  *Cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach

Where a defendant has satisfied the exhaustion requirement, a court may reduce the defendant's proposed sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons warrant such a reduction"; or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[12]  In addition, a court must ensure that any reduction in a defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[13]

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13.  The comments to § 1B1.13 contemplate four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory; (2) the defendant is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (3) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five

---

articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[12] 18 U.S.C. § 3582(c)(1)(A).

[13] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

percent of the term of imprisonment, whichever is less; and (4) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner.[14]  A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.[15]

### III.    Discussion

#### A.    Exhaustion

Padden requested compassionate release from the warden at his facility on August 28, 2020, and the warden denied his request on September 4, 2020.  Because more than thirty days have passed since Padden filed his request with the warden, the Court will consider Padden's motion.[16]

#### B.    Extraordinary and Compelling Reasons

Having determined that Padden has properly exhausted his administrative remedies, the Court must next determine whether extraordinary and compelling reasons warrant reducing Padden's sentence to time served.  Congress permitted the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction,

---

[14] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[15] *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (finding that defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) (noting that the "extraordinary and compelling" standard imposes a heavy burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

[16] The government contends that Padden has not satisfied the exhaustion requirement because the grounds identified in his request for compassionate release to the warden do not mirror the grounds upon which he now seeks compassionate release.  While the government did not submit a copy of Padden's compassionate release request, and thus the Court is unable to confirm the discrepancy alleged, the government states that Padden references his neck mass for the first time in this motion.  The government argues that Padden must again seek compassionate release from the warden and explicitly identify the neck mass to satisfy the exhaustion requirement.  As this Court previously determined, however, "a judicially created issue-exhaustion requirement is inappropriate" because the administrative process for compassionate release is inquisitive rather than adversarial.  *United States v. Parada*, No. 5:03-40053-JAR-1, 2020 WL 4589781, at *4–5 (D. Kan. Aug. 10, 2020) (quoting *Sims v. United States*, 530 U.S. 103, 111 (2000)).  As such, Padden's August 28 compassionate release request to the warden satisfies the exhaustion requirement.

including the criteria to be applied and a list of specific examples."[17]  The Sentencing

Commission, in its commentary to U.S.S.G. § 1B1.13, has enumerated four categories of

circumstances which may constitute extraordinary relief.[18]

Padden asserts that his underlying health condition of high cholesterol and an

undiagnosed neck mass, coupled with the ongoing COVID-19 pandemic, constitute

extraordinary and compelling circumstances warranting compassionate release under

§ 3582(c)(1)(A).  Padden states that his high cholesterol increases his risk of developing

atherosclerotic cardiovascular disease ("ASCVD"), "which is likely hereditary as Padden's

grandfather required a bypass for this same ASCVD condition."[19]  Padden argues that "if [he]

were to become infected with COVID-19, the results would be serious, if not fatal."[20]  The

government asserts, and the Court agrees, that Padden's health conditions do not constitute an

extraordinary or compelling reason warranting release.

Padden's medical condition of high cholesterol is not among the conditions identified by

the Centers for Disease Control and Prevention ("CDC") that may lead to increased

complications from COVID-19.[21]  And although the CDC recognizes that certain heart

conditions put an individual at heightened risk, Padden does not allege that he has ASCVD, nor

does Padden cite any cardiovascular symptoms or conditions he has experienced in the past that

would indicate he has a cardiovascular medical condition.  Padden's reliance on his alleged

---

[17] 28 U.S.C. § 994(t).

[18] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[19] Doc. 49 at 3.

[20] *Id.* at 4.

[21] *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 1, 2020); *accord United States v. Machuca-Quiintana*, 465 F. Supp. 3d 1178, 1183 (D. Kan. 2020).

increased risk of developing ASCVD because he suffers from high cholesterol is insufficient to meet his burden of demonstrating he has a medical condition placing him at increased risk if he were to contract COVID-19.

Regarding Padden's undiagnosed neck mass, Padden asserts that he has received inadequate medical care and the acid reflux medication prescribed has been ineffective.  Despite his medical records indicating that the issue has been resolved, Padden maintains that "[t]he mass and discomfort it causes have not subsided," and he needs medical attention.[22]  While the Court is sympathetic to Padden's concerns, he does not assert that he has a medical condition deemed to increase risk of complications from COVID-19 as identified by the CDC, and the description of symptoms for which he would like to seek medical attention do not rise to the level of such a medical condition.[23]

Padden also states that "COVID[-19] is active and rampant within the work cadre at MCFP Springfield."[24]  However, generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.[25]  Accordingly, because Padden does not make an individualized showing about his increased vulnerability to contracting COVID-19 and having significant health issues, he does not meet his burden of demonstrating extraordinary and compelling circumstances warranting compassionate release.

---

[22] Doc. 49 at 3.

[23] *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 1, 2020).

[24] Doc. 49 at 2–3.

[25] *See United States v. Seymon*, No. 11-CR-10040-JES, 2020 WL 2468762, at *4 (C.D. Ill. May 13, 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP," however, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release.").

C.      **Section 3553(a) Factors**

The Court's conclusion is augmented by a consideration of the applicable 18 U.S.C.

§ 3553(a) factors.  Without question, it is regrettable that Padden is incarcerated in a BOP facility

at a time when the COVID-19 pandemic is rampant nationwide.  The Court is not convinced,

however, that the conditions he finds himself in qualify him for release.  The Court must still

consider: (1) the defendant's personal history and characteristics; (2) his sentence relative to the

nature and seriousness of his offense; (3) the need for a sentence to provide just punishment,

promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the

public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the

need to avoid unwarranted sentence disparities among similarly situated defendants.[26]

Application of the § 3553(a) factors here militates against reducing Padden's sentence to

time served.  Padden pled guilty to a serious felony offense involving the possession and

distribution of child pornography.  Though this was Padden's first felony offense, the offense

conduct was serious—it involved approximately 2,000 images and 800 videos of child

pornography depicting violence against prepubescent minors and toddlers as young as three

years old.[27]  Moreover, although the investigation in this case took place in 2013, Padden's

thumb drives revealed images of child pornography with creation dates as old as 2005.[28]  When

the Court sentenced Padden, it adhered to the statutory mandate that it impose a sentence that

was "sufficient, but not greater than necessary."[29]  Padden received a sufficient but judicious

sentence of two concurrent terms of 70 months' imprisonment, well below the applicable

---

[26] *See* 18 U.S.C. § 3553(a)(1)–(6).

[27] Doc. 28 ¶ 12.

[28] *Id.*

[29] § 3553(a).

Guidelines range of 151 to 188 months.[30]  Reducing Padden's sentence to time served would not reflect the seriousness of his criminal conduct, nor would it furnish adequate deterrence to criminal conduct or provide just punishment.  The Court finds that the sentence originally imposed remains sufficient, but not greater than necessary to meet the sentencing factors in § 3553(a) and punish the offense involved.  Accordingly, Padden's motion for compassionate release is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Tyler Padden's Motion for Compassionate Release (Doc. 49) is **denied**.

**IT IS SO ORDERED.**

Dated: December 8, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[30] Doc. 28 ¶ 63.